DOCKET NO. 874

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE CLOZAPINE ANTITRUST LITIGATION

*BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK,\* LOUIS H. POLLAK, HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL*

## TRANSFER ORDER

This litigation presently consists of 25 actions pending in two federal districts: 24 actions in the Southern District of New York and one action in the Northern District of Illinois.¹ Before the Panel is a motion by Sandoz Pharmaceutical Corporation, a defendant in all actions, to centralize the actions in the Northern District of Illinois, pursuant to 28 U.S.C. §1407, for coordinated or consolidated pretrial proceedings. No responding party opposes Section 1407 centralization of the actions in this litigation. The only dispute among the parties concerns selection of the appropriate transferee forum. Plaintiff in the Illinois action and Caremark Inc. (Caremark), the other defendant in the litigation, support movant's preference for the Northern District of Illinois. Plaintiffs in the 24 New York actions, as well as plaintiffs in the ten potential tag-long actions, favor the Southern District of New York.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Northern District of Illinois will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions are either purported class actions or <u>parens patriae</u> actions brought against the same defendants seeking recovery for essentially the same alleged federal antitrust law violations pertaining to the marketing of the antipsychotic drug Clozaril. All parties agree that the actions involve common questions of fact relating to the existence, scope and effect of the alleged antitrust conspiracy. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

---

\* Judge Pollack took no part in the decision of this matter.

¹ The Panel has been notified that ten additional related actions are pending in the Southern District of New York. These actions will be treated as potential tag-along actions. <u>See</u> Rules 12 and 13, R.P.J.P.M.L., 120 F.R.D. 251, 258-59 (1988).

- 2 -

While 24 of the 25 actions before us are pending in the Southern District of New York, neither it nor the Northern District of Illinois could be characterized as the nexus for this litigation. On balance, however, we are persuaded that the Illinois forum is the preferable transferee district. We note that 1) Chicago is a geographically central location for this major antitrust litigation involving purported nationwide classes and state governmental plaintiffs from all regions of the United States; 2) the action pending in the Northern District of Illinois is the first-filed action in the docket; and 3) defendant Caremark has its principal place of business in the Northern District of Illinois.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in the Southern District of New York be, and the same hereby are, transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Harry D. Leinenweber for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

John F. Nangle
Chairman

MDL-874 Schedule A - p.2

<u>Southern District of New York</u> -- (continued)

<u>State of West Virginia v. Sandoz Pharmaceuticals Corp., et al.</u>, C.A. No. 90-Civ-8087
<u>State of Wisconsin v. Sandoz Pharmaceuticals Corp., et al.</u>, C.A. No. 90-Civ-8089

<u>Northern District of Illinois</u>

<u>Victor Dauer, etc. v. Sandoz Pharmaceuticals, Inc., et al.</u>, C.A. No. 90-C-6412